# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ZAVALA,<br><br>        Plaintiff,<br><br>   v.<br><br>NANCEY SIEGRIST, et al.,<br><br>        Defendants. | 1:12-cv-01918-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM |

**I.  Screening Requirement and Standard**

Plaintiff Rudy Zavala ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2013, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on December 19, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's First Amended Complaint Allegations

Plaintiff's first amended complaint mirrors his original complaint.  Plaintiff alleges as follows:  On July 10, 2011, Plaintiff fell down 15 metal steps while working as an inmate porter. Plaintiff was sent to C-yard medical clinic to have his injuries evaluated and treated.

On July 13, 2011, Plaintiff saw Defendant P.A. Siegrist for treatment of his right shoulder.  Defendant Siegrist gave Plaintiff Aleeve for his pain and ordered x-rays of his shoulder.

On August 1, 2011, Plaintiff again saw Defendant Siegrist.  She said that the x-ray showed nothing wrong and that Plaintiff only suffered from tendonitis and arthritis.  Defendant Siegrist again gave Plaintiff Aleeve for the pain.

After continuous pain, Plaintiff saw Defendant Dr. Biol.  Dr. Biol gave Plaintiff a limited duty chrono and more Aleeve.

Plaintiff continued to complain to both Defendant Siegrist and Defendant Dr. Biol about his right shoulder pain, but was told by both that nothing was wrong and that he only suffered from tendonitis and arthritis.

Plaintiff continued to seek help from Defendants for his severe pain on September 2, September 23 and October 25, 2011, but they told him nothing was wrong. Plaintiff asked for a second opinion. Defendant Siegrist gave Plaintiff a second opinion that nothing was wrong with his right shoulder and ordered him to go to physical therapy on November 21, 2011. While attending physical therapy, Plaintiff complained about the pain. The physical therapist looked at Plaintiff's right shoulder and determined that Plaintiff should seek immediate medical help.

On December 28, 2011, Plaintiff saw Dr. Biol, who ordered an MRI of Plaintiff's shoulder.

On January 23, 2012, Plaintiff underwent an MRI of his right shoulder. On February 2, 2012, Plaintiff was informed of the MRI results, which showed a severe injury to his right shoulder and need for surgery. On March 15, 2012, Plaintiff was approved for surgery. On April 23, 2012, Plaintiff had surgery on his right rotator cuff for the injuries he sustained on July 10, 2011.

Plaintiff asserts that he continues to have severe right shoulder pain and the medication gives him no relief. On December 6, 2013, Plaintiff underwent another MRI to his right shoulder. He is waiting for the results of his MRI.

Plaintiff requests one million dollars for his pain and suffering, a court order for lifetime medical after his release from custody, and immediate corrective surgery for his right shoulder.

**III.  Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

1  result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)
2  "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.
3         Deliberate indifference is shown where the official is aware of a serious medical need and
4  fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.
5  2010). Deliberate indifference is a high legal standard. Simmons, 609 F.3d at 1019; Toguchi v.
6  Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from
7  which he could make an inference that "a substantial risk of serious harm exists" and he must
8  make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d
9  811(1994).
10        "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of
11 action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429
12 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a
13 medical condition does not state a valid claim of medical mistreatment under the Eighth
14 Amendment. Medical malpractice does not become a constitutional violation merely because the
15 victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d
16 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate
17 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th
18 Cir.1990).
19        As with his original complaint, Plaintiff again fails to state a cognizable claim for
20 deliberate indifference to serious medical needs against Defendants Siegrist and Biol. Plaintiff
21 has alleged that Defendant Siegrist examined him on multiple occasions, reviewed x-rays,
22 provided medication and ordered physical therapy. Similarly, Plaintiff has alleged that
23 Defendant Biol examined him, ordered x-rays, provided pain medication, and, subsequently,
24 referred him for an MRI of his right shoulder.
25        Plaintiff has not alleged that Defendants Siegrist and Biol refused him treatment or
26 refused to provide him with pain medication. Instead, the crux of Plaintiff's amended complaint
27 is that Defendants Siegrist and Biol initially failed to properly diagnose his right shoulder pain as
28 anything other than tendonitis and arthritis for the period between August 2011 and February

2012.  Construed liberally, Plaintiff has asserted a claim for medical negligence in diagnosing or treating his right shoulder, which is not sufficient to establish deliberate indifference to serious medical needs.  Broughton, 622 F.2d at 460.  Despite being informed of the relevant legal standard, Plaintiff has been unable to cure this deficiency and has merely reiterated his original allegations.

### IV.   Conclusion and Order

Plaintiff's first amended complaint fails to state a cognizable claim upon which relief may be granted under section 1983.  Despite being provided the relevant legal standards and an opportunity to amend, Plaintiff has been unable to state a cognizable claim and further leave to amend will not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 23, 2013**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE